IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Branden T. Clark, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | Case No: 3:12-cv-2 |
| Leann K. Bertsch, | ) ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) ) | |

Branden T. Clark ("Clark") filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 and a motion for release from state custody. (Doc. 1, Doc. 7). Clark has not exhausted his state remedies and has a direct appeal pending before the North Dakota Supreme Court challenging the same state court judgment of conviction and sentence that he challenges in his federal habeas petition. It is **RECOMMENDED** that Clark's petition for habeas relief be **DISMISSED** without prejudice and his motion for release from state custody be **DENIED**.

## BACKGROUND

The court granted habeas relief to Clark on a previous petition, finding the state district court adjudged Clark guilty of theft of property and issuing a check without an account in the absence of a guilty plea or trial. Clark v. Bertsch, Case No. 3:10-cv-110, Doc. 37. The court vacated the convictions and ordered that Clark be released from custody upon serving his sentences for revocation of probation in four separate criminal cases unless Clark was retried by the State of North Dakota within ninety days. Id. Clark was retried and was found guilty by a jury of theft of property. He was sentenced to eight years of incarceration consecutive to the revocation of probation sentences. Clark filed a notice of appeal to the North Dakota Supreme Court on December 14, 2011. State v. Clark, Grand Forks County, Case No. 18-09-K-00541. That appeal remains pending. Clark filed his federal habeas petition on January 9, 2012.

**DISCUSSION**

Habeas corpus provides state prisoners the exclusive federal remedy for challenges to the fact or duration of their confinement. Franklin v. Webb, 653 F.2d 362, 363 (8th Cir. 1981) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Section 2254(b)(1), 28 U.S.C., provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The doctrine of exhaustion dictates that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)).

Clark asserts that circumstances exist that render the state appeal process ineffective to protect his rights pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii). Despite Clark's contention, he has filed a direct appeal to the North Dakota Supreme Court. This court should not interfere with ongoing state judicial proceedings. Younger v. Harris, 401 U.S. 37 (1971).

Exhaustion is required "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors" and to show "a proper respect for state functions." Preiser, 411 U.S. at 490-91. "Federal courts may deviate from the exhaustion requirement only where highly exceptional circumstances warrant prompt federal intervention." Jones v. Solem, 739 F.2d 329, 331 (8th Cir. 1984) (citations omitted). In

2

this case, no circumstances exist which warrant deviation from the exhaustion requirement. Accordingly, it is **RECOMMENDED** that:

1. Clark's motion for release from state custody (Doc. 7) be **DENIED**;

2. Clark's petition for habeas relief (Doc. 1) be **DISMISSED** without prejudice;

3. The court certify that an appeal from the dismissal of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith; and

4. A certificate of appealability not be issued with respect to any of the issues raised by Clark in this action.

Dated this 8th day of February, 2012.

                                                  /s/ *Karen K. Klein*
                                                  Karen K. Klein
                                                  United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and by filing with the Clerk of Court no later than February 24, 2012, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.