# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Branden T. Clark, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:12-cv-2 |
| ) | |
| Leann K. Bertsch, ) | **REPORT AND RECOMMENDATIONS** |
| ) | |
| Respondent. ) | |

On January 9, 2012, Branden T. Clark ("Clark") filed a petition for habeas relief challenging his state conviction for theft of property.[1] (Doc. 1). When Clark filed the petition for habeas relief, his conviction was on direct appeal before the North Dakota Supreme Court.[2] Clark's petition for habeas relief was dismissed without prejudice. (Doc. 9, Doc. 11). On March 26, 2012, Clark appealed the judgment dismissing his federal habeas petition to the Eighth Circuit Court of Appeals. (Doc. 13). On July 12, 2012, the North Dakota Supreme Court issued its opinion affirming Clark's conviction for theft of property. State v. Clark, 2012 ND 135, 818 N.W.2d 739. On August 31, 2012, The Eighth Circuit Court of Appeals remanded Clark's habeas action back to this court for consideration of Clark's petition. (Doc. 17).

In September of 2012, Clark filed an amended petition for habeas relief (Doc. 18) and a memorandum in support of the amended petition (Doc. 19). The court ordered service upon the respondent. (Doc. 21). The respondent filed a response (Doc. 22) and a motion to dismiss the

---

[1] The judgment of conviction was signed by the state district court judge on December 9, 2011, and was filed in the state district court docket on December 16, 2011. (Resp. Ex. 5).

[2] Clark filed his notice of appeal with the North Dakota Supreme Court on December 14, 2011. (Resp. Ex. 6).

amended petition for habeas relief (Doc. 23). Additionally, Clark filed a motion for an evidentiary hearing (Doc. 26) and a motion to expand the record (Doc. 27).

After reviewing the pleadings, the court entered an order for supplemental briefing on an issue that was overlooked by the respondent. (Doc. 40). The respondent filed its supplemental brief. (Doc. 41). However, Clark failed to file his responsive supplemental brief, and the deadline to do so has passed. In the respondent's supplemental brief, she withdrew her objection to Clark's motion to expand the record. Id. Accordingly, the court granted Clark's motion to expand the record. (Doc. 42).

**Background**

This court granted habeas relief to Clark on a previous petition, finding the state district court adjudged Clark guilty of theft of property and issuing a check without an account in the absence of a guilty plea or trial. Clark v. Bertsch, No. 3:10-cv-110, 2011 WL 9977236, (D.N.D. Sept. 12, 2011). Clark's convictions were vacated and the court ordered that Clark be released from custody upon serving his sentences for revocation of probation in four separate criminal cases, unless Clark was tried by the State of North Dakota within ninety days. Id. Clark was tried and was found guilty by a jury of theft of property.[3]

The conviction arises from the theft of a generator from Acme Electric Tool Crib of the North ("Acme") in Grand Forks. The North Dakota Supreme Court describes the facts surrounding the theft as follows:

> On July 10, 2007, Clark purchased various tools from Acme Electric Tool Crib of the North in Grand Forks. When a customer purchases an item from Acme, the sales associate asks the customer his or her name, the associate looks the

---

[3] Clark was not tried for issuing a check without an account.

2

customer's name up in the store's point-of-sale computer system, and, if the customer's name is in the system, an invoice is generated using the information in the system. Each invoice includes a signature box directly above the customer name and address. Evidence established Clark gave the sales associate, Ben Litzinger, the name of "Clark Construction" when he purchased the tools, and Litzinger entered the name in the computer system, finding an account for Clark Construction with an address in Oriska, North Dakota. Clark paid for the item with a check. The check had Clark's name on it and an address in Gilby, North Dakota. Litzinger printed out an invoice using the information in the system for Clark Construction in Oriska and Clark signed the invoice as "Clark Const."

After the first sale was complete, Clark told Litzinger he was interested in purchasing a generator. Litzinger entered the second purchase in the computer system using the name "Clark Construction." Clark did not pay for the generator, and the sale was charged to the Clark Construction account. Clark did not take the generator with him, but returned to Acme and picked up the item on July 18, 2007.

In August 2007, Acme sent a bill for the generator to the address for Clark Construction in Oriska. A representative from Clark Construction contacted Acme about the bill. The representative informed Acme the purchase was not authorized by anyone who worked for the company and no one named "Branden Clark" worked for the company. Acme investigated the sale and contacted the Grand Forks Police Department to report the incident. The police attempted to contact Clark at the residence listed on the check Clark used to pay for the first items purchased from Acme, but their attempts were unsuccessful.

State v. Clark, 2012 ND 135, ¶¶ 2-4, 818 N.W.2d 739, 742.

**Claims**

In Clark's amended petition for habeas relief and memorandum in support of the amended petition he alleges the following ten grounds entitle him to relief: (1) The state violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to provide Clark with the State's copies of sales receipts; (2) the amount of time that passed between Clark's original conviction that was overturned by this court and Clark's retrial by the state district court violated Clark's right to a speedy trial and prejudiced Clark because he was unable to obtain evidence and testimony that would have been favorable to his defense; (3) Clark's due process rights were violated when the

3

state district court gave an improper instruction to the jury and failed to give an instruction requested by Clark; (4) the state statute under which Clark was convicted is unconstitutional as applied to Clark; (5) an improper jury instruction given by the state district court compelled Clark to give up his Fifth Amendment right to remain silent; (6) there was insufficient evidence to support the jury's verdict; (7) the state district court judge unilaterally, unfairly and with bias decided that Clark would be tried after his original conviction was vacated even though the prosecution and Clark had stipulated to a resolution of the case, and the state district court judge acted in collusion with the state prosecutor to threaten, coerce and intimidate Clark; (8) the state district court judge was vindictive in sentencing Clark to a heavier sentence upon Clark's reconviction, and the prosecutor was vindictive in seeking an enhanced sentence based on Clark's habitual offender status; (9) Clark was denied access to the court while awaiting his retrial, and (10) the state district court violated the Eighth Amendment's prohibition against excessive bail.  (Doc. 18, Doc. 19).

**Summary of Recommendations**

Clark's claims alleged in grounds one and six and the judicial vindictiveness claim alleged in ground eight fail on the merits.  Clark's claims alleged in grounds two, five, seven, nine and ten, and the claim of prosecutorial vindictiveness raised in ground eight are procedurally defaulted and are barred from federal review.  It is **RECOMMENDED** that the respondent's motion to dismiss (Doc. 23) be **GRANTED** and Clark's amended petition for habeas relief (Doc. 18) be **DISMISSED** with prejudice.  It is further **RECOMMENDED** that Clark's motion for an evidentiary hearing (Doc. 26) be **DENIED**.

## Law and Discussion

Habeas corpus provides state prisoners the exclusive federal remedy for challenges to the fact or duration of their confinement. Franklin v. Webb, 653 F.2d 362, 363 (8th Cir. 1981) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Section 2254(b)(1), 28 U.S.C., provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The doctrine of exhaustion dictates that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)).

A federal court cannot grant habeas relief on any claim adjudicated on the merits in state court proceedings, unless adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court

5

decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Section 2254(d) imposes a "highly deferential standard for evaluating state-court rulings," Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997), "which demands that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam).

## I.     Brady Claim

The prosecution must disclose evidence that is both favorable to a defendant and material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963). Evidence is material to guilt or punishment "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985).

The State provided Clark with copies of sales invoices for the generator and tools that had handwritten marks which were not on the copies the State presented at trial, including an "X" over the customer's printed name and address. Clark contends the "X" is relevant to the factual question of whether he knew, or had reason to know, at the time of the transaction for the sale of the generator that the wrong Clark Construction was charged. (Doc. 19, p. 3). Additionally, Clark states he was precluded from challenging the authenticity of the State's copies of the invoices prior to trial. Id.

The State's copy of the invoice for the tools has some hand written markings on it, including a time and a phone number. (See Resp. Ex. 8, p. 44). The State's copy of the invoice for the generator also has some handwritten markings on it, including a time and two phone

numbers. Id. at p. 45. The defense's copy of the invoice for the tools has the identical time handwritten on it, but the phone number is not on the invoice and the address for Clark Construction in Oriska is crossed off or has an "X" written over the address. Id. at p. 46. The defense's copy of the invoice for the generator has the identical time written on it, but the phone numbers are scribbled out. Id. at p. 47. The address for Clark Construction in Oriska is crossed out or has an "X" over it, and there are some additional circles around some of the printed information on the invoice for the generator. Id. Additionally, both of the defense copies of the invoices have handwritten "IR" numbers, law enforcement incident report numbers, in the upper right corner of the invoices. Id. at pp. 46, 47.

David Strauss ("Strauss"), the store manager at Acme, testified prior to the invoices being admitted into evidence that he wrote phone numbers on the invoices when investigating the matter. (Resp. Ex. 14, Trial Transcript, p. 46). During cross-examination, defense counsel showed Strauss the defense's copy of the invoice for the generator with the address for Clark Construction in Oriska crossed out. Id. at p. 52. Strauss testified that he had not seen the invoice with the "X," but it was a proper Acme invoice. Id.

The state court judge admitted the prosecution's copies of the invoices into evidence over defense counsel's objection after Cory Stejskal ("Stejskal"), the network administrator for Acme, testified that the invoices would have been printed from the retail sales system without the handwritten markings. Id. at pp. 58-61. Defense counsel had the opportunity to cross-examine Stejskal regarding the State's copies of the invoices, and defense counsel also questioned Stejskal about the defense's copies of the invoices, which were also admitted into evidence. Id. at pp. 64-69, 70. Stejskal testified the State's copies and the defense's copies of the invoices

7

were identical except for the handwritten markings. Id. at pp. 69-70. Stejskal stated that someone likely printed out the original invoices and made the markings on them. Stejskal did not know who put the "X" through the customer's printed name and address. Id. at p. 70.

Ben Litzinger ("Litzinger"), a former sales associate at Acme who waited on Clark, testified that the State's copies of the invoices were the invoices generated for the transactions, but the handwritten markings would not have been on the invoices when they were printed from the computer. Id. at pp. 76, 84. Litzinger testified that he wrote the times on the invoices after he realized the wrong account had been charged for the generator. Id. at p. 84. The times correlate to which transaction occurred first and the time span between the two purchases. Id. Defense counsel cross-examined Litzinger and asked questions about the State's copies of the invoices. Id. at pp. 91-94.

During closing arguments, defense counsel stated that the State's copies of the invoices and the defense's copies of the invoices were essentially the same except for the handwritten marks. Id. at p. 161. Defense counsel commented on the differences between the invoices. Id.

The North Dakota Supreme Court found that the failure of the State to disclose its copies of the invoices prior to trial did not prejudice Clark because the same invoices, albeit with different handwritten markings, were disclosed to Clark prior to trial. State v. Clark, 2012 ND 135, ¶ 24, 818 N.W.2d 739, 746. The North Dakota Supreme Court noted that "[b]oth copies of the invoices were admitted into evidence at trial and Clark was given an opportunity to question the witnesses about the invoices." Id. The court concluded that "Clark failed to establish a Brady violation . . . ." Id.

The North Dakota Supreme Court's decision is not contrary to or an unreasonable application of federal law, and the decision is not based on an unreasonable determination of the facts. In is unclear how the State's copies of the invoices could be viewed as exculpatory or favorable to Clark, and there is not a reasonable probability that had Clark received the State's copies of the invoices prior to trial the outcome would have been different. In Clark's response to the petitioner's motion to dismiss, he states the jury's verdict of guilty was based on the State's copies of the invoices, which evidences that Clark, along with this court, does not view the State's copies of the invoices as exculpatory. (See Doc. 34, p. 2). Clark's statement that he would have challenged the authenticity of the State's invoices prior to trial has no bearing on his Brady claim. The State's copies of the invoices were authenticated at trial and would have been admitted into evidence even if Clark challenged the authenticity of the invoices prior to trial. Clark is not entitled to habeas relief for his Brady claim raised in ground one.

## II.  Insufficiency of the Evidence

Clark contends there was no evidence that he knowingly took unauthorized control of the generator, or that he had the intent to deprive Acme of the generator. (Doc. 19, p. 10). The North Dakota Supreme Court found there was sufficient evidence to support the conviction and noted the following evidence introduced at trial:

> Clark purchased items from Acme, and Litzinger testified Clark gave the name "Clark Construction" to purchase the items. The evidence established the sales associate uses the customer's name to look up the customer's account in the computer system and the sales associate asks the customer which account is correct if there is more than one account for a name. The evidence shows the customer is required to sign an invoice when an item is purchased, the invoice includes the customer's name and address from the account information in the computer system and the signature box is directly above the customer information. The evidence established that only one account for Clark Construction existed, that Clark did not have an account with Acme, that Clark

> did not request to open a new account, that the account information on the invoice stated "CLARK CONSTRUCTI [sic] ORISKA ... ORISKA ND 58063–4000," and that Clark signed the invoice "Clark Const." After Clark purchased the first items, he ordered a generator and charged the item to the Clark Construction account. Litzinger testified Clark would have directed him to pull up the Clark Construction account when he returned to Acme to pick up the generator. No evidence showed Clark attempted to pay for the generator or clear up any billing mistake. An Acme manager testified he tried to contact Clark using the phone number on the check from the first purchase but he was not successful. Two law enforcement officers testified they each attempted to contact Clark but were not successful and one of the officers testified he went to Clark's residence but it appeared no one lived there for some time.

State v. Clark, 2012 ND 135, ¶ 16, 818 N.W.2d 739, 744-45.

To be entitled to habeas relief on a claim of insufficiency of the evidence the court must find that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt" based on the record evidence adduced at trial. Jackson v. Virginia, 443 U.S. 307, 324 (1979). All conflicting inferences that arise from the facts must be resolved in favor of the prosecution. Id. at 326. After reviewing the trial court transcript, the court finds the North Dakota Supreme Court's decision that there was sufficient evidence to support Clark's conviction is not contrary to or an unreasonable application of federal law, and the decision is not based on an unreasonable determination of the facts. A rational trier of fact could have found that after Clark purchased the tools that were rung up through the Clark Construction account that Clark was not authorized to use, he knowingly charged the generator to that account in an effort to avoid paying for it, and in doing so took unauthorized control of the generator with the intent to deprive Acme. Clark is not entitled to habeas relief for his insufficiency of the evidence claim alleged in ground six.

## III. Judicial Vindictiveness

Clark contends the state district court judge was vindictive in sentencing him to a harsher sentence upon his reconviction. Clark cites North Carolina v. Pearce, 395 U.S. 711 (1969), in

support of his claim.  The United States Supreme Court held in Pearce that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear" in the record to ensure that vindictiveness on the part of the sentencing court did not play a part in sentencing the defendant after the new trial.  Id. at 725-26.  The North Dakota Supreme Court noted in its opinion affirming Clark's judgment of conviction that Pearce was partially overruled in Alabama v. Smith, 490 U.S. 794, 801-03 (1989).  State v. Clark, 2012 ND 135, ¶ 19, 818 N.W.2d 739, 746.  In Smith the United States Supreme Court held there is no presumption of vindictiveness when a greater penalty is imposed after a trial than was imposed after a prior guilty plea.  Smith, 490 U.S. at 801-03.  The North Dakota Supreme Court held that since "Clark's first conviction was based on a guilty plea and his second conviction followed a trial . . . no presumption of vindictiveness exists," and under the state statute Clark's sentence was within statutory limits; therefore the court did not abuse its discretion.  Id. at ¶¶ 19-20, pp. 745-46.

This court previously held that Clark did not actually enter a guilty plea and the state district court unlawfully adjudged Clark guilty in the absence of a guilty plea or trial.  Clark v. Bertsch, No. 3:10-cv-110, 2011 WL 9977236 (D.N.D. Sept. 12, 2011).  Despite the fact that Clark did not enter a prior guilty plea, the court finds that the rationale in Smith still applies because Clark's first sentence was based on a presumed guilty plea.

In support of Clark's claim that the state district court judge was vindictive in sentencing him to a greater sentence upon his reconviction, Clark states that the state district court judge and prosecutor acted in collusion to threaten, intimidate and coerce him, but Clark does not point to any evidence in the state court record or allege any facts to support his statement.  Clark's

sentence was greater after his trial because he was sentenced under North Dakota's habitual offender statute, which the State had not requested at his first sentencing.[4] The North Dakota Supreme Court's decision is not contrary to or an unreasonable application of federal law, and the decision is not based on an unreasonable determination of the facts. Clark is not entitled to habeas relief for his judicial vindictiveness claim alleged in ground eight.

IV.     **Fair Presentation Requirement**

Respondent states in her motion to dismiss that Clark did not raise the same claims alleged in grounds three and four of his federal habeas petition before the North Dakota Supreme Court. (Doc. 24, pp. 15, 17). Clark's claims raised before the North Dakota Supreme Court were that (1) the trial court erred by not allowing the jury instruction requested by Clark, and (2) the trial court erred by including a jury instruction for theft of property delivered by mistake. (Resp. Ex. 7, pp. 6-15). In Clark's petition for habeas relief he contends in ground three that the jury instruction for theft of property by mistake, given without the jury instruction requested by Clark, violated his due process rights. (Doc. 19, pp. 5-6). Clark's claim in ground four of his petition for habeas relief is that the state statute for theft of property delivered by mistake is unconstitutional as applied to Clark. (Doc. 19, pp. 6-7).

---

[4] Clark was informed at his arraignment that if a plea agreement was not reached, the State would seek sentencing pursuant to the habitual offender statute codified at N.D. Cent. Code § 12.1-32-09(1)(c). (Pet. Ex. 3, Doc. 27-3, pp 5-6). The State filed a written notice of its intent to seek sentencing pursuant to the statute and Clark responded to the notice. (Pet. Ex. 4, Doc. 47-4, pp. 4-5; Pet Ex. 5, Doc. 27-5, p. 5). To be sentenced as a habitual offender under the statute, the defendant must have been convicted of two felonies of Class C or above, committed at different times when the offender was an adult. N.D. Cent. Code § 12.1-32-09(1)(c). Clark had seven qualifying convictions. (Pet. Ex. 5, Doc. 27-5, p. 5). Clark's counsel argued at Clark's second sentencing hearing that the habitual offender statute could not be used by the State to threaten or coerce Clark. (Pet. Ex. 5, Doc. 27-5, pp. 6-7). However, Clark's counsel did not make any argument regarding judicial vindictiveness.

"To 'fairly present' his claim, the petitioner must present the same facts and legal theories to the state court that he later presented to the federal courts." Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994). In addition, petitioner must refer to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in a claim before the state court. Martin v. Solem, 801 F.2d 324, 330 (8th Cir. 1986). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." Id. Although Clark's claim in ground three of his federal habeas petition is somewhat similar to the claims he raised before the North Dakota Supreme Court, Clark failed to fairly present his due process claim to the North Dakota Supreme Court.⁵ Additionally, Clark did not present his claim that the state statute for theft of property by mistake is unconstitutional as applied to Clark. (See Resp. Ex. 7). Clark's due process claim and his claim regarding the constitutionality of the state statute are procedurally defaulted because if Clark were to attempt to raise the claims before the state court, they would be barred from review for misuse of process. See N.D. Cent. Code § 29-32.1-12(2); State v. Steen, 2007 ND 123, ¶ 17, 736 N.W.2d 457, 462; Laib v. State, 2005 ND 187, ¶ 6, 705 N.W.2d 845, 848; Johnson v. State, 2004 ND 130, ¶ 13, 681 N.W.2d 769, 775-76.

---

⁵ To the extent that Clark is attempting to raise the same claims that were raised before the state court, this court can not consider the claims because they implicate only state law. "The formulation of jury instructions primarily concerns the application and interpretation of state law." Louisell v. Dir. of Iowa Dep't of Corr., 178 F.3d 1019, 1022 (8th Cir. 1999). "A finding that a jury instruction is permissible under state law . . . does not determine whether due process has been violated under federal law." Id. "[E]rrors of state law are not cognizable in federal habeas courts." Nance v. Norris, 392 F.3d 284, 289 (8th Cir. 2004). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

## V. Other Procedurally Defaulted Claims

The claims raised in Clark's habeas petition in grounds two, five, seven, nine and ten, and the claim alleging prosecutorial vindictiveness in ground eight, were first raised before the state court in Clark's supplemental brief filed on direct appeal under N.D. R.App.P. 24.[6] (See Resp. Ex. 9). The North Dakota Supreme Court noted the issues were not raised before the district court, and stated that it "will not address issues that are raised for the first time on appeal." State v. Clark, 2012 ND 135, ¶ 26, 818 N.W.2d 739, 746-47. The North Dakota Supreme Court also found that none of the issues raised in Clark's supplemental brief rose to the level of obvious error. Id. The North Dakota Supreme Court provided no analysis regarding its finding that there was no obvious error.

---

[6] Clark contends he raised his claims in grounds two, nine and ten before the state district court at the initial status conference held after Clark was granted habeas relief or at his arraignment. Even if the claims were raised in the earlier state court proceedings and the North Dakota Supreme Court erroneously found that Clark defaulted his claims on independent state law grounds, "errors of state law are not cognizable in federal habeas courts." Nance v. Norris, 392 F.3d 284, 289 (8th Cir. 2004). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

With regard to Clark's claim in ground two, the court notes Clark does not explicitly refer to his right to a speedy trial in his supplemental brief that was filed with the North Dakota Supreme Court. (See Resp. Ex. 9, p. 2, ¶ 2). It is irrelevant whether the claim can be fairly characterized as having been raised, because either way the claim is procedurally defaulted.

The respondent states that the claims raised in ground seven of Clark's habeas petition were presented in Clark's supplemental brief filed on direct appeal with the North Dakota Supreme Court. The court notes that Clark's claim that the state district court judge acted in collusion with the state prosecutor to threaten, coerce and intimidate Clark was not explicitly raised in the supplemental brief. However, the claim could be inferred from a liberal reading of Clark's supplemental brief. (See Resp. Ex. 9, p. 9, ¶ 31). The court also notes that Clark raised the same issue in ground eight of his amended habeas petition within the context of his claims alleging judicial and prosecutorial vindictiveness.

14

"A failure to exhaust remedies in accordance with state procedure results in procedural default of the prisoner's claims." Welch v. Lund, 616 F.3d 756, 758 (8th Cir. 2010) (citation omitted). A federal habeas court will not review a claim rejected by a state court "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). Because Clark did not exhaust his remedies in accordance with state procedure and the North Dakota Supreme Court decided it would not address the issues, Clark's claims are procedurally defaulted.

Clark contends that this court can review his procedurally defaulted claims for obvious error. (Doc. 34, p. 3). The Eighth Circuit has recognized that "[u]nfortunately, there exists an oft-noted, yet surprisingly persistent, split of authority in our circuit about whether plain error review 'cures' the procedural default." Shelton v. Purkett, 563 F.3d 404, 408 (8th Cir.2009) (comparing Toney v. Gammon, 79 F.3d 693, 699 (8th Cir.1996) (holding that limited plain error review by a state court does not cure the default), with Thomas v. Bowersox, 208 F.3d 699, 701 (8th Cir.2000) (holding that when the state conducts plain error review, the habeas court may review for "manifest injustice")). Similar to the state court's plain error review in Toney, the North Dakota Supreme Court's obvious error review was extremely limited. See Toney, 79 F.3d at 699 (When a state court reviews "only for plain error," and goes "no further," the "properly limited plain error review by a state court does not cure a procedural default."). The North Dakota Supreme Court did not provide an analysis of the merits of Clark's claims and its finding did not rest on federal law. Therefore, the court finds that Clark's claims in grounds two, five, seven, nine and ten, and the claim of prosecutorial vindictiveness raised in ground eight are

procedurally defaulted and are not entitled to plain error review by this court. See James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999) (In conducting federal habeas review, the court can not simply conduct its own plain error review *de novo*).

## VI. Exceptions for Procedurally Defaulted Claim

The procedural bar prevents this court from reviewing Clark's defaulted claims alleged in grounds two, three, four, five, seven, nine and ten, and the claim alleging prosecutorial vindictiveness in ground eight unless Clark demonstrates cause and prejudice for the default, or that a miscarriage of justice will result if the court does not address the merits of his procedurally defaulted claims. McCall v. Benson , 114 F.3d 754, 757 (8th Cir. 1997). Clark has not alleged or demonstrated cause and prejudice for the default, or that this court's failure to consider his claims will result in a fundamental miscarriage of justice.

## VII. Motion for an Evidentiary Hearing

Clark requests an evidentiary hearing for his claims alleged in grounds seven and eight. (Doc. 26). Under 28 U.S.C. § 2254(e)(2), "[a] habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir.2005) (citing 28 U.S.C. § 2254(e)(2)). "Additionally, the petitioner must show by clear and convincing evidence that, in the absence of the constitutional error, no reasonable factfinder would have found him guilty." Id.

Clark's claims are not based on a new, retroactive law. Clark states he was diligent in presenting his claims in grounds seven and eight to the state courts, but he was not afforded a

full and fair hearing on direct appeal of the judgment of conviction. Clark's claim in ground seven and the claim alleging prosecutorial vindictiveness in ground eight are procedurally defaulted and barred from federal review. Clark is not entitled to an evidentiary hearing on those claims. Despite Clark's conclusory allegation that he was not allowed a full and fair hearing, Clark has not demonstrated that he could not have developed the facts underlying the procedurally defaulted claims before the state district court, and he has not demonstrated that he could not have fully presented his claim alleging judicial vindictiveness before the North Dakota Supreme Court. There seems to be no impediment which would have prevented Clark from raising and fully presenting his claims before the state courts. Finally, Clark has not demonstrated that in the absence of a constitutional error, no reasonable factfinder would have found him guilty. Clark is not entitled to an evidentiary hearing.

**Conclusion**

Clark's claims alleged in grounds one and six and the claim alleging judicial vindictiveness in ground eight fail on the merits. Clark's claims alleged in grounds two, five, seven, nine and ten, and the claim of prosecutorial vindictiveness raised in ground eight are procedurally defaulted and are barred from federal review. Clark has not met one of the exceptions that would allow this court to consider his procedurally defaulted claims. It is **RECOMMENDED** that:

(1)   The respondent's motion to dismiss (Doc. 23) be **GRANTED**;

(2)   Clark's amended petition for habeas relief (Doc. 18) be **DISMISSED** with prejudice;

17

(3) Clark's motion for an evidentiary hearing (Doc. 26) be **DENIED**;

(4) The court certifies that an appeal may be taken *in forma pauperis* because such an appeal would not be frivolous; and

(5) The court grant a certificate of appealability with respect to the claims alleged in grounds two, five, seven, nine and ten, and the claim alleging prosecutorial vindictiveness in ground eight because there is a split in the Eighth Circuit as to whether plain error review cures procedural default.

Dated this 1st day of July, 2013.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge

### NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and by filing with the Clerk of Court no later than July 18, 2013, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.