IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Branden T. Clark, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 3:12-cv-02 |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER ADOPTING REPORT AND** |
| Leann K. Bertsch, | ) | **RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

The Court has received a Report and Recommendation from the Honorable Karen K. Klein, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending that Respondent Leann K. Bertsch's motion to dismiss be granted; that Petitioner Branden T. Clark's (hereafter "Clark") amended petition for habeas relief be dismissed with prejudice; and that Clark's motion for an evidentiary hearing be denied (Doc. #43). Clark has filed objections to the Report and Recommendation, essentially asserting that the magistrate judge erred in her analysis of all issues. The Court, therefore, has conducted a *de novo* review of all issues raised by Clark, and reaches the same result as the magistrate judge.

**I.    Background**

The State of North Dakota charged Clark with felony theft of property and issuing a check without an account. In 2009, he was sentenced to four years' incarceration for the felony theft and a concurrent thirty days for the misdemeanor bad check conviction. In 2011, this Court vacated these convictions on the ground that the Due Process Clause of the Fourteenth Amendment prohibits a court from imprisoning a person who has not entered a guilty plea or been convicted following a trial. The Court directed that Clark be released from custody upon completion of his other sentence,

or be retried within 90 days of the date of the Court's order vacating the convictions.

The State retried Clark for theft of property. The jury found Clark guilty. The State requested a habitual offender sentence enhancement, which the judge applied when he sentenced Clark to eight years of incarceration. Clark appealed his conviction to the North Dakota Supreme Court. The Supreme Court affirmed the conviction and sentence, concluding (1) the trial court did not err in refusing to give Clark's proposed honest-belief-defense jury instruction; (2) the trial court did not err in instructing the jury on the elements of theft of property by mistake; (3) there was sufficient evidence to support the conviction; (4) the eight year sentence was not improper or excessive; and (5) there was no Brady v. Maryland, 373 U.S. 83 (1963) violation or error in admitting the original, unmarked copies of the sales invoices. State v. Clark, 818 N.W.2d 739, 742-46 (N.D. 2012). The Supreme Court also rejected Clark's supplemental issues that were not raised before the trial court, concluding the additional issues raised by Clark did not rise to the level of obvious error. Id. at 746-47.

Before the Court is Clark's amended petition for habeas corpus relief under 28 U.S.C. § 2254. Clark alleges ten grounds for relief: (1) the state violated Brady v. Maryland, 373 U.S. 83 (1963) when it disclosed redacted invoices instead of the original invoices introduced at trial; (2) the state violated his constitutional right to a speedy trial because of the amount of time that passed between Clark's original conviction in 2009 and the retrial in 2011; (3) the trial court improperly instructed the jury and failed to give Clark's proposed jury instruction, which violated his right to due process; (4) the state statute under which Clark was convicted is unconstitutional as applied to him; (5) an improper jury instruction forced Clark to give up his Fifth Amendment right to remain silent; (6) there was insufficient evidence to support the jury's verdict; (7) the prosecution and Clark

2

stipulated to resolution of the case but the state district judge unilaterally, unfairly, and with bias required there be a trial; (8) the state prosecutor was vindictive in seeking an enhanced sentence under the habitual offender statute and the state district judge was vindictive in sentencing Clark to a harsher sentence; (9) Clark was denied access to the Court and access to legal materials while awaiting retrial; and (10) the state district judge violated the Eighth Amendment's prohibition against excessive bail (Docs. #18, 19).

## II. Analysis

### A. "Fairly Presented" Claims

"When a claim has been adjudicated on the merits in state court, habeas corpus relief is warranted only if the state court proceeding resulted in (1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the [United States] Supreme Court, or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Musser v. Mapes, 718 F.3d 996, 999 (8th Cir. 2013) (quotation and citation omitted).

#### 1. Brady Claim

Clark has failed to articulate how the State's copies of the invoices are exculpatory or favorable to him. Moreover, the State's copies of the invoices were authenticated at trial and Clark had an opportunity to question the witnesses about the invoices and the handwritten notes. There is nothing in the record to suggest the North Dakota Supreme Court's decision was contrary to or an unreasonable application of federal law, or the decision was based on an unreasonable determination of the facts. Clark's alleged claim of a Brady violation lacks merit.

3

2. Sufficiency of the Evidence

Clark contends it was not his "intent to deprive ACME Tools of the generator." He asserts that the jury could convict him on evidence that someone else made a mistake by mistakenly ringing up the purchase under the wrong account. Upon review of the trial court transcript, there was no evidence that Clark attempted to pay for the generator or clear up a billing error. Acme was unable to contact Clark using the phone number on the check and two law enforcement officers tried unsuccessfully to contact Clark. A rational trier of fact could have found that after Clark purchased the tools through the Clark Construction account which he was not authorized to use, he knowingly charged the generator to the same account in an effort to avoid paying for the generator. In doing so, Clark took unauthorized control of the generator with the intent to deprive Acme. There is sufficient evidence to sustain Clark's conviction, and no evidence demonstrating that he was convicted because of someone else's mistake.

3. Judicial Vindictiveness

Clark contends the North Dakota Supreme Court's analysis is defective because the sentencing transcript was not before the appellate court. Even assuming the court did not have the sentencing transcript, Clark has failed to articulate how or why the sentencing transcript makes a difference. The undisputed evidence in the record demonstrates that Clark's sentence was greater after his trial because he was sentenced under North Dakota's habitual offender statute, which the state had not requested at the first sentencing hearing. Clark was informed at his arraignment that the state would seek application of the habitual offender statute in the absence of a plea agreement. Clark responded to the notice. Clark was well aware that he faced an increased sentence if he was convicted following a trial. Clark cannot show that the

sentencing judge was vindictive in sentencing him to a harsher sentence. Rather, the state elected to proceed under the habitual offender statute, which the Court applied at the time of sentencing. Clark has failed to demonstrate that the North Dakota Supreme Court's decision is contrary to or an unreasonable application of federal law, or the decision is based on an unreasonable determination of the facts. Clark is not entitled to habeas relief for his judicial vindictiveness claim.

4. Jury Instructions

Clark claims that the jury instruction for theft of property by mistake was erroneous. To the extent that Clark has raised the same claim before the state court, Clark has pointed to no evidence upon which this Court can find that the North Dakota Supreme Court's decision regarding the jury instructions is contrary to or an unreasonable application of federal law, or the decision is based on an unreasonable determination of the facts. Clark is not entitled to habeas relief on the ground that the jury instruction for theft of property by mistake was erroneous.

B. Claims Procedurally Defaulted

1. Jury Instructions

Clark asserts that the jury instruction for theft of property violates due process. While Clark's claim might rest upon the same "facts and legal theories" that he presented to the state court, he failed to "fairly present" his claim to the North Dakota Supreme Court. In order to "fairly present" a claim, a petitioner must refer to a specific constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue when raising the issue in the state court. Martin v. Solem, 801 F.2d 324, 330 (8th Cir. 1986). Clark did not articulate a due process claim to the North Dakota Supreme Court,

5

and, therefore, he is not entitled to federal habeas relief on his claim. See Murphy v. King, 652 F.3d 845, 848 (8th Cir. 2011) (before seeking federal habeas relief, a petitioner must fairly present his federal claim to the state courts).

### 2. Constitutionality of State Statute

Clark did not present to the North Dakota Supreme Court his claim that the state statute for theft of property by mistake is unconstitutional as applied to him. Clark asserts that he raised this claim in his appellate brief (Doc. #45, p. 5). The Court has reviewed Clark's brief and finds no reference to this claim. Rather, Clark argues in a footnote that the statute for theft of property by mistake does not apply to his case (Exh. 7, p. 15 of 27 n.9). He makes no mention of the alleged unconstitutionality of the statute. Clark did not fairly present his constitutional claim, and, therefore, he is not entitled to federal habeas relief on his claim. See Murphy, 652 F.3d at 848.

### 3. Other Procedurally Defaulted Claims

Clark asserts a number of claims that were first raised before the state court in a supplemental brief. These claims include grounds two, five, seven, eight (prosecutorial vindictiveness), nine, and ten. The North Dakota Supreme declined to address issues raised for the first time on appeal and determined that none of the claims rose to the level of obvious error. Clark contends this Court's failure to consider the claims will result in "a miscarriage of justice." (Doc. #45, p. 6).

Clark contends this Court can review procedurally defaulted claims for obvious error. The Eighth Circuit has noted the split of authority on whether plain error review "cures" a procedural default. Shelton v. Purkett, 563 F.3d 404, 408 (8th Cir. 2008). The North Dakota

Supreme Court did not analyze the merits of Clark's "supplemental" claims and it did not rely on federal law when rejecting his claims. Under the circumstances, the Court finds Clark's claims are procedurally defaulted and not entitled to plain error review.

Federal habeas review of defaulted claims is barred unless the petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Murphy, 652 F.3d at 849. Clark has not even attempted to show cause for the default, and there is no evidence in the record from which this Court can find cause. Because he has not established cause for the default, the question of prejudice need not be reached. Id.

Turning to the second avenue for relief–the miscarriage-of-justice- exception–"a habeas petitioner must present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." Id. (quoting Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006)). There is sufficient evidence in the record to support the conviction and Clark has failed to present any new evidence that affirmatively demonstrates his innocence. Clark's claims raised in grounds two, five, seven, eight (prosecutorial vindictiveness), nine, and ten are procedurally defaulted and he has not demonstrated cause to excuse the default or a miscarriage of justice. Clark is not entitled to federal habeas relief on these claims.

   C.   Evidentiary Hearing

Clark contends he is entitled to an evidentiary hearing on claims seven and eight. He contends "an evidentiary examination of Clark's trial counsel will reveal statements made by the state district court judge, during impromptu meetings in chambers, that shows bias and that Clark did not receive a fair trial." (Doc. #45, p. 8). Section 2254(e)(2), with limited exceptions,

requires a habeas petitioner to develop the factual basis of his claims in the state court proceedings. Clark has not demonstrated an impediment that prevented him from developing the facts underlying his claims in state court. Moreover, Clark has not shown that in the absence of the alleged constitutional errors, no reasonable factfinder would have found him guilty. The Court finds Clark is not entitled to an evidentiary hearing. His motion for a hearing is **DENIED**.

**III.    Decision**

After considering the magistrate judge's Report and Recommendation, conducting a *de novo* review of Clark's objections, and reviewing the entire file, the Court finds the magistrate judge's analysis is correct and hereby adopts the Report and recommendation in its entirety. For the reasons set forth therein as well as in this Order, **IT IS HEREBY ORDERED** as follows:

(1) Respondent's motion to dismiss (Doc. #23) is **GRANTED**.

(2) Clark's motion for a hearing (Doc. #26) is **DENIED.**

(3) Clark's petition for habeas relief (Doc. #18) is **DISMISSED WITH PREJUDICE**.

(4) Clark may appeal *in forma pauperis* because such an appeal would not be frivolous.

(5) Clark is granted a certificate of appealability as to claims in grounds two, five, seven, eight (prosecutorial vindictiveness), nine, and ten because there is a split in the Eighth Circuit on whether plain error review cures procedural default.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 27th day of September, 2013.

/s/   Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court